**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

SANTIAGO GARCIA DEL SOLAR,
Petitioner,
v.
MARKWAYNE MULLIN, et al.,
Respondents.

Case No. EDCV 26-4419-SPG (AS)

**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus by a Person in Federal Custody, the records on file, and the Report and Recommendation of the United States Magistrate Judge (ECF No. 9 (“Report”)). The Court has also reviewed Petitioner Santiago Garcia Del Solar’s Objections to the Report (ECF No. 10 (“Objections”)). After engaging in a *de novo* review of those portions of the Report to which objections may have been made, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge.

The Report recommends granting the Petition to the extent that Petitioner is provided with an individualized bond hearing, pursuant to 8 U.S.C. § 1226(a), within seven (7) days of this Court’s Order. (Report at 2, 10–11). The Report also requires that Respondents file a status report within eight (8) days of this Court’s Order, advising the Court as to whether Petitioner has received a bond hearing, the outcome of the bond hearing, and Respondents’

compliance with the Report. (*Id.* at 10–11). The Report does not recommend granting the Petitioner immediate release from detention. (*Id.*).

Petitioner objects to the Report, alleging (1) that Petitioner's due process rights were violated when he was detained by ICE without any notice or a pre-deprivation hearing, entitling him to immediate release; and (2) alternatively, if the Court orders the Government to provide Petitioner with a bond hearing, the Court should require the Government to bear the burden of providing that he would be a flight risk or danger if released. (Objections at 2–4). Upon review, neither objection merits an outcome different from the Report.

*First*, and contrary to Petitioner's objections, the present record does not support relief in the form of immediate release. The Ninth Circuit has held that "§ 1226(a)'s procedures satisfy due process," where a noncitizen has received "an initial bond hearing before a neutral decisionmaker," with rights of appeal and redetermination. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1211 (9th Cir. 2022). Therefore, the remedy for the Government's failure to provide that hearing is to order the hearing, not order immediate release. *See, e.g., Akopian v. Semaia*, No. 5:26-cv-02723-DFM, 2026 WL 1625147, at *2 (C.D. Cal. June 3, 2026); *Bajan v. Mullin*, No. 5:26-cv-03660-AB (JDE), 2026 WL 2211779, at *1 (C.D. Cal. July 31, 2026); *Mediana v. Divver*, No. 26-cv-01760-GPC-MSB, 2026 WL 821596, at *1 (S.D. Cal. March 25, 2026).

Courts have granted immediate release in exceptional circumstances, however, such as in situations where the government used its initial discretion to detain a noncitizen, released them from custody, and then re-detained them. *See Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("[E]ven when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody") (citations omitted); *see also Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (explaining that the government's decision to release an individual from custody creates "an implicit promise," that an individual's liberty "will be revoked only if [they] fail[ ] to live up to the ...

conditions [of release]"); *see also Kharitonova v. Albarran*, No. 3:26-cv-01362-JSC, 2026 WL 531441, at *2 (N.D. Cal. Feb. 25, 2026).

In this case, Petitioner holds a private liberty interest, given that he has lived continuously for at least five years in the United States with his wife and children. (Report at 7–8); *see also Rodriguez Diaz*, 53 F.4th at 1207 ("[A]n individual's private interest in 'freedom from prolonged detention' is 'unquestionably substantial'") (internal citations omitted). Petitioner, however, was not previously detained and released from ICE custody on an order of supervision. (Report at 6). His current detention is the first time he has been detained by ICE. Although he has previously received a bond hearing on July 24, 2026, the immigration judge denied Petitioner's request for bond based on his finding that, under *In re Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), he lacked jurisdiction to grant such relief under 8 U.S.C. § 1225. *Yajure Hurtado* has since been vacated. *Bautista v. Santacruz*, 813 F. Supp. 1084, 1106 (C.D. Cal. 2026). Based on these facts, Petitioner is entitled to an individual bond hearing under 8 U.S.C. § 1226(a), *see Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424, at *5 (9th Cir. July 30, 2026), not immediate release. Although Petitioner cites to district court cases that predate *Bostock* to argue that his immediate release is warranted, *see* (Objections at 3), the Court is unpersuaded in light of *Bostock* and the facts of this case. The Court thus denies Petitioner's request for immediate release, instead of a bond hearing.

*Second*, Petitioner requests that this Court require the Government bear the burden of proving that he is a flight risk or danger by clear and convincing evidence. Although Petitioner again cites to district court cases as support, the Ninth Circuit has since explained that a § 1226(a) detainee bears the burden to "demonstrate[] by a preponderance of the evidence that he is not a flight risk or a danger to the community." *Bostock*, 2026 WL 2196424, at *5 (citing *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022)). Given the Court's ruling in *Bostock*, the Court overrules Petitioner's objection regarding the Government bearing the burden of proof by clear and convincing evidence.

**ORDER**

It is ORDERED that the Report and Recommendation is accepted and adopted, and that Judgment is entered as follows: (1) the Petition is GRANTED, in part. Within seven (7) days of the date of this Order, Respondents are ORDERED to provide Petitioner Santiago Garcia Del Solar (A# 221-462-442) with a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and all applicable regulations; (2) to the extent that Respondents fail to provide Petitioner with a proper bond hearing within seven (7) days in compliance with this Court's Order, Respondents are enjoined from continuing to detain Petitioner; (3) Respondents are ORDERED to file a status report within eight (8) days of this Order advising the Court as to whether Petitioner has received a bond hearing, the outcome of the bond hearing, and Respondents' compliance with the Court's Order; and (4) the Petition is otherwise DENIED.

The Court also ORDERS that the Clerk serve copies of this Order, the Magistrate Judge's Report and Recommendation and the Judgment herein on Petitioner and counsel for Respondent.

**IT IS SO ORDERED.**

DATED: August 21,2026

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE